**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

EDWARD CONAWAY, # 2817238     *

Plaintiff     *

v     *     Civil Action No. RDB-18-345

WARDEN, HARFORD COUNTY     *
  DETENTION CENTER,
CORRECT CARE SOLUTIONS,     *
DR. RAJU,
NURSE KEISHA SYLVESTER,[1]     *

Defendant     *
      ***

## <u>MEMORANDUM OPINION</u>

The above-captioned case was opened on February 1, 2018 upon receipt of correspondence from Edward Conaway alleging he was forcibly medicated on one occasion while housed at the Harford County, Maryland Detention Center. ECF No. 1. The correspondence, requesting money damages against the contractual health care provider, Correct Care Solutions ("CCS") and two members of its staff, Licensed Practical Nurse Keisha Sylvester and Dr. Raju, was opened as a civil rights Complaint pursuant to 42 U.S.C. § 1983.[2] To date, service has not been accepted on behalf of Defendant Dr. Raju. ECF No. 11.

A Motion to Dismiss or, in the Alternative for Summary Judgment filed by CCS and

---

[1] The Clerk shall amend the docket to reflect the full spelling of Defendant Sylvester's name.

[2] Although Conaway named the Harford County Detention Center's Warden in the caption of his pleading, nothing suggested the Warden played any role in the incident involving forcible medication. Accordingly, the Warden was dismissed from this action on February 7, 2018. ECF No. 3.

Sylvester, ECF No. 15,[3] prompted Conaway's opposition response.[4]  ECF 17.  For reasons noted herein, the Motion is denied, subject to renewal upon supplementation following service of process on Dr. Raju.

## BACKGROUND

Conaway alleges that on October 21, 2016, Sylvester and Raju forcibly medicated him while he was restrained at the Harford County Maryland Detention Center.  Conaway told Raju he did not want to speak with him, and also told Raju and Sylvester that he was allergic to certain psychiatric medication and did not want to be medicated.  Raju then ordered Sylvester to inject Conaway with medication, causing an allergic reaction including muscle spasms in the neck, shortness of breath, loss or changes in vision, and difficulty in swallowing.

CCS and Sylvester provide 112 pages of unauthenticated medical records in support of their dispositive Motion, which contains no affidavit or declaration from Sylvester.  As previously noted, Dr. Raju, who allegedly gave the order that Conaway be medicated against his will, is not yet served with the Complaint.

## STANDARD OF REVIEW

This Court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990), or "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th

---

[3] Counsel is reminded that a courtesy copy shall be filed with the Court if the main document plus all attachments total 15 or more pages.  The submission is required within 48 hours of the electronic filing of the document.

[4] Conaway's response, received before the Clerk issued notice in accord with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), is construed as an opposition response.

Cir. 1985). In making this determination, "[t]he district court... must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

When a defendant seeks dismissal or, in the alternative, summary judgment, the Court may use its discretion, under Rule 12(d), to determine whether to consider matters outside the pleadings. *See Kensington Volunteer Fire Dep't., Inc. v. Montgomery Cty.,* 788 F.Supp.2d 431, 436–37 (D. Md. 2011), *aff'd sub nom., Kensington Volunteer Fire Dep't., Inc. v. Montgomery Cty.,* 684 F.3d 462 (4th Cir. 2012). Pursuant to Rule 12(d), "[w]hen matters outside the pleading are presented to and not excluded by the court, the 12(b)(6) motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *Laughlin v. Metro. Wash. Airports Auth.,* 149 F.3d 253, 260–61 (4th Cir. 1998) (quoting Fed. R. Civ. P. 12(d)).

The Court is satisfied that it is appropriate to address the dispositive Motion as one for summary judgment, because matters outside of the pleadings will be considered. *See Bosiger v. U.S. Airway*s, 510 F.3d 442, 450 (4th Cir. 2007). Under Fed. R. Civ. P. 56(a), the Court must grant summary judgment if the moving party demonstrates there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. In reviewing a motion for summary judgment, the Court must draw all justifiable inferences in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 158-59 (1970)). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). Whether a fact is considered to be "material" is determined by the

substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *accord Hooven-Lewis*, 249 F.3d at 265.

## ANALYSIS

Conaway's allegations focus on a period during which he was a pretrial detainee. The constitutional protections afforded a pre-trial detainee as provided by the Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment, *see Bell v. Wolfish*, 441 U.S. 520, 535 (1979), and are "at least as great as the Eighth Amendment protections available to the convicted prisoner." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992), citing *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). The Fourteenth Amendment ensures that states will provide not only for the medical needs of those in penal settings, but for anyone restricted by a state from obtaining medical care on his own. *See DeShaney v. Winnebago*, 489 U.S. 189, 200 (1989); *Youngberg v. Romeo*, 457 U.S. 307, 324 (1982). In the context of forced psychiatric medication, Conaway arguably had a "'significant constitutionally protected liberty interest in avoiding the unwarranted administration of antipsychotic drugs.'" *Sell v. United States*, 539 U.S. 166, 178 (2003), quoting *Washington v. Harper*, 494 U.S. 210, 221 (1990). Thus, his allegation of forced medication "constitutes a deprivation of liberty in the most literal and fundamental sense," *United States v. Bush*, 585 F.3d 806, 813 (4th Cir. 2009), and CCS and Sylvester are not entitled to summary judgment as a matter of law.

Under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may properly consider documents that are "explicitly

4

incorporated into the complaint by reference and those attached to the complaint as exhibits . . . ." *Goines*, 822 F.3d at 166 (citations omitted); *see also U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or  (4) issue any other appropriate order." Fed. R. Civ. Proc. 56(e).

CCS and Sylvester seemingly contend that Conaway had known mental health problems, his mental health condition was deteriorating, and that the injection given to Conaway on the evening of October 3, 2016 was medically necessary.  They also contend that the treatment provided to Conaway was proper and that his complaints are embellished for the purpose of seeking money damages.  The Motion, however, is not supported by an affidavit or by properly authenticated medical records, and the physician who determined the injection was needed is not yet a party to this action. As such, the Motion shall be denied, without prejudice, subject to renewal after service of process is obtained on Dr. Raju.

A separate Order follows.

Date:    October 1, 2018                                              ____/s/_____
                                                                                          RICHARD D. BENNETT
                                                                                          UNITED STATES DISTRICT JUDGE